Kirkpatrick C. J.
The plaintiff states, in his demand, that the defendant, rented of him, a certain house, for the term of one year, at the rate of fifteen dollars by the year. It is objected, *that this state of demand, is not sufficient, because the plaintiff does not expressly allege, that the defendant occupied and enjoyed the same, during the said term, for that the debt arises upon the occupation. But this is not so, the debt arises upon the contract, where the contract is express; and even if that were not so clearly proved, to rent for a year, in common parlance, signifies to hold and occupy for that time, under rent; and therefore, would be well enough. The form of declarations in the upper courts, it is true, is more particular, but it would be going too far to insist upon it here.
Let the judgment be affirmed.
Southard J.
The state of demand claims, “ $15, for this, that the defendant, rented a certain house of him, the plaintiff, for a school-house, for the term of one year, commencing the 1st of April 1817, for the sum of $15, which the plaintiff oftentimes demanded of the defendant, but he always refused,” &c. There was á trial by jury, and the transcript states; that when the jury returned into court,' with their verdict, the plaintiff was called; but it *939 does not state, that the plaintiff appeared. The verdict was received and recorded, and judgment rendered for $9.
Two reasons have been filed and relied on for the reversal of the judgment. 1. That the state of demand contains no lawful cause of action; the renting or letting the house, without occupation or enjoyment, not giving a right of action; the occupation or enjoyment, ought therefore, to have been expressly averred.
2. It does not appear that the plaintiff was present when the verdict was rendered.
Upon the first reason. In a declaration for rent, reserved by deed, the plaintiff need not state his deed, but may declare generally, and produce the deed in evidence, in support of his declaration. 1 Saun. 276, 202, 325. Ld. Ray. 1503. If, therefore, this was a case of renting by lease, under seal, the objection, that the written lease was not set out, would not avail. But there is nothing in the record to shew that it was by written lease; it appears to have been by parol. It is further to be remarked, that it is not an action for damages, resulting from the breach of a contract or agreement to lease; but debt for the amount of the rent agreed upon, From what, then, does the plaintiff’s right to this specific sum arise ? Not alone, from the agreement to rent *the premises, but from the use and enjoyment of them. 2 Bl. Cam. 144. This use and enjoyment ought, therefore, to be stated, as an essential part of the foundation on which the plaintiff’s right of action is built. And so are the approved forms upon parol leases for rent. 1 Chit. 8, 9. So, too, are the forms for rent, by deed. The allegation of enjoyment, precedes the per quod actio accrevit. 1 Chit. 173. This seems to me, therefore, to be a substantial defect.
Upon the second reason. The statute requires the justice to enter in his docket, “all the proceedings before him had, touching the suit.” The appearance of the plaintiff is a necessary proceeding, to authorize the justice to receive the verdict. Without it, a nonsuit must be entered. This appearance, therefore, ought to be manifested by the record. Upon the same ground, the court decided in Pen. 632, 742, that it must appear, by the tran *940 script, that the jury was sworn. the judgment. I cannot, therefore, sus-
Judgment affirmed.